CALOGERO, Chief Justice (retired),
dissents.
hA majority of the court granted the writ to set this case for the “summary docket,” contemplating the possibility that a per curiam decision might be crafted that would reverse the court of appeal and reinstate the defendant’s conviction and sentence.[1] I would have denied the writ, finding none of our Rule X criteria merited considering whether the court of appeal opinion should be reversed and the defendant’s conviction and sentence of three years at hard labor reinstated. I do not believe the “justice of the cause” required a grant, particularly in light of the circumstances presented by the chaotic situation following Hurricane Katrina, which in part *424 precipitated the events that led to the filing of the criminal charge of possession of stolen things in excess of $500. In all events, now that the majority has done what they originally contemplated when the writ was granted for summary disposition, and has now disposed of this “summary docket” case with a per curiam opinion reinstating defendant’s conviction and sentence, I respectfully dissent.

. As fate would have it, the district court inexplicably denied this defendant her appeal bond, a decision the court of appeal found to be erroneous. State v. Calloway, 2007-0012, p. 12 (La.App. 1 Cir. 11/7/07), 978 So.2d 374, 380 (citing LSA-C.Cr.P. art. 332 C, which mandates that bail be allowed when the actual sentenced imposed is five years or less— here the sentence was three years). Consequently, the defendant had completed the incarceration portion of her sentence and was on parole by the time the court of appeal overturned her conviction.